***Jerry Ray Smith, Jr.***
*Attorney at Law*
*717 D Street, N.W., Suite 310*
*Washington, DC 20004*
*Phone: (202) 347-6101*
*E-mail: jerryraysmith@verizon.net*

---

Jessica Arco
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, DC 20001
E-mail: Jessica.Arco@usdoj.gov

BY E-MAIL

        Re:    United States v. Ronald Sandlin
                   Criminal No. 21-88 (DLF)
                   Status Conference: August 24, 2021

                                                         August 11, 2021

Dear Ms. Arco,

       I am writing to formally request discovery and disclosure of Brady evidence and information in the above-referenced case. I acknowledge that I have already received a considerable amount of discovery for this case, and I appreciate the efforts you have made to get me discovery. However, based on our conversations and my own review of the discovery I have already received, it appears that there is still discovery that is outstanding. In addition to requesting discovery and Brady disclosures as a general matter, I am writing to make certain specific Brady requests.

## I.  SPECIFIC BRADY REQUESTS

### A.  Statements Captured on Recordings

       I am requesting all evidence and information in the government's possession that would tend to indicate that Mr. Sandlin lacked criminal intent for any of the crimes he is charged with. This request would include statements made by him that were captured on audio and visual recordings in which he indicates a belief that the counting of the votes is not going to occur or had been suspended for reasons unrelated to the storming of the Capitol by protesters—e.g., a belief that Vice President Pence has refused to certify the Electoral-College votes because of concerns of voter fraud. This request would also include statements made by others in Mr. Sandlin's presence that would engender a belief that the counting of the votes is not going to occur or had been suspended for reasons unrelated to the storming of the Capitol by protesters.

**B.      Involvement of Government Agents**

I am requesting all evidence and information in the government's possession that would tend to indicate that government agents or actors—including the then President of the United States—suggested, encouraged, or induced people to storm the Capitol, participated in the storming of the Capitol themselves, or otherwise facilitated the storming of the Capitol by action or declining to take action, including by directing others to facilitate the storming of the Capitol by action or declining to take action.  This request would include evidence and information tending to indicate that U.S. Capitol Police Officers opened doors for people trying to enter the Capitol or stood down and allowed people to enter the Capitol.  This request would also include evidence and information tending to indicate that undercover government agents or actors suggested or encouraged people to storm the Capitol, participated in the storming of the Capitol themselves, or otherwise facilitated the storming of the Capitol.

## II.  GENERAL DISCOVERY AND BRADY REQUESTS

**A.      Defendant's Statements**

Pursuant Fed. R. Crim. P. 16(a)(1)(A), I request disclosure of all statements allegedly made by Mr. Sandlin in connection with this case.  I request that I be informed of the substance of any oral statements allegedly made by Mr. Sandlin.  Also, I request that I be provided copies of any written or recorded statements allegedly made by him and copies of any recorded summaries of statements allegedly made by him.  Finally, I request that I be informed of any statements Mr. Sandlin is alleged to have made in response to being advised of and questioned about his Miranda rights.

**B.      Arrest Reports, Notes, 911 Calls, Radio Runs, Body-Worn-Camera Footage, Surveillance Videos, Cell-Phone Videos, Go Pro Videos, Etc.**

I request that I be informed about and provided copies of all arrest reports, notes, 911 calls, radio runs, and audio and video recordings that relate to events at issue in this case, including the events surrounding Mr. Sandlin's arrest and, if relevant, interrogation by police.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents and any cassette, compact-disc, or video recordings in which material relevant to this case is contained.  The above-described materials are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady, 373 U.S. 83 (1963).  See also U.S. v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); U.S. v. Johnson, 525 F.2d 999 (2d Cir.1975); Loux v. U.S., 389 F.2d 911 (9th Cir. 1968); U.S. v. Pilnick, 267 F.Supp. 791 (S.D. N.Y. 1967).  Moreover, arrest reports, investigator notes, memos from arresting officers, radio runs, sworn statements, and prosecution reports are discoverable under Fed. R. Crim. P. 16(a)(1)(B) and (C) and Fed. R. Crim. P. 26.2 and 12(i).

I request that all rough notes related to this case be preserved—whether or not the government deems them to be discoverable at this time.

**C.    Results/Reports of Examinations and Tests**

I request that I be provided all results and reports from any examinations or tests conducted upon the evidence in this case. This request is meant to cover results and reports from fingerprint analyses, DNA tests, firearm tests, and ballistic tests. Results and reports from examinations and tests are discoverable under Fed. R. Crim. P. 16(a)(1)(D).

**D.    Defendant's Record**

I request that we be informed of all prior convictions and all other pending cases against Mr. Sandlin. A defendant's criminal history is discoverable under Fed. R. Crim. P. 16(a)(1)(B).

**E.    Brady Material**

I request that I be informed about all evidence that is favorable to Mr. Sandlin on the issue of guilt or punishment or that affects the credibility of the government's case. If any such evidence consists of or is contained in any documents, statements, agents' reports, audio or video recordings, or tangible evidence, I request that I be allowed to inspect and, if relevant, copy those documents, statements, reports, recordings, or evidence. Brady evidence includes not only exculpatory evidence but also impeachment evidence. U.S. v. Bagley, 473 U.S. 667 (1985); U.S. v. Agurs, 427 U.S. 97 (1976).

**F.    Seized Evidence**

I request that I be allowed to inspect all evidence that has been seized by the government in relation to this case. Evidence seized pursuant to any search, with or without a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

**G.    Request for Preservation of Evidence**

I request that all evidence related to this case be preserved. This request includes, but is not limited to, video tapes, recordings of radio runs and 911 calls, body-worn-camera footage, surveillance videos, cell-phone videos, Go Pro videos and all physical evidence that may be destroyed, lost, or otherwise put out of the custody, care, or possession of the government.

**H.    Tangible Objects**

I request that I be informed about and allowed to inspect and, as relevant, copy and test all documents and tangible objects that are intended for use in the government's case-in-chief and/or that are material to the defense. This request includes, but is not limited to, alleged contraband, photographs, books, papers, documents, buildings, automobiles, and places and copies, depictions, or portions thereof. See Fed. R. Crim. P. 16(a)(1)(C)

**I.     Information Regarding Witnesses and Informants**

I request that the government disclose to me all relevant information concerning any witnesses or informants involved with this case. This request is meant to cover the identity of and contact information for any percipient witness, cooperating witnesses, or informant. See Rovario v. U.S., 353 U.S. 53 (1957). This request includes disclosures regarding witnesses or informants who are going to testify as to admissions that Mr. Sandlin allegedly made to them.

**J.     Expert Testimony (Super. Ct. Crim. R. 16(a)(1)(E))**

I request that I be provided a written summary of any expert testimony that the government intends to use at trial. I request that this summary describe the expert witness' opinions, the bases and reasons behind such opinions, and the witness' qualifications. This request is made pursuant to Fed. R. Crim. P. 16(a)(1)(E).

**K.     Identifications**

I request that I be fully informed about any identification procedures involving Mr. Sandlin that were done or attempted in this case, including on-scene identifications, line-ups, and photo arrays. This request is meant to cover not only those procedures where Mr. Sandlin was conclusively identified but also those procedures where Mr. Sandlin was inconclusively identified, not identified at all, or positively excluded.

**L.     Other Crimes or Acts Evidence**

I request that I be informed about any conduct outside the conduct that constitutes the offenses that Mr. Sandlin is charged with that the government will seek to introduce at trial against him. See Fed R. Evid. 404(b).

**M.     Impeachment Evidence**

I request that I be informed if any prospective government witness has engaged in any criminal act, whether or not a conviction resulted. I also request that I be informed if any prospective government witness has made a statement that could be construed as being favorable to Mr. Sandlin and that I be told the substance any such statement. See Fed. R. Evid. 608, 609, and 613; Brady, 373 U.S. 83. See U.S. v. Strifer, 851 F.2 1197 (9th Cir. 1988) (witness' prior record); Thomas v. U.S., 343 F.2d 49 (9th Cir. 1965) (evidence undermining witness' credibility).

**N.     Evidence of Criminal Investigation of Any Government Witness**

I request that I be informed if any prospective government witness is under investigation by federal, state, or local authorities for any criminal conduct. U.S. v. Chitty, 706 F.2d 425 (2d Cir. 1985).

**O.      Evidence Affecting Perception, Recollection, Communication Ability, or Truth Telling**

I request that I be informed about any evidence tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired.  This request includes, but is not limited to, medical or psychiatric reports or evaluations and evidence that the witness has ever used narcotics or controlled substances or is an alcoholic.  U.S. v. Strifer, 851 F.2 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980).  Specifically, I request that I be given:

1. all information in the government's possession indicating that the mental state of any government witness is below normal or in any way abnormal.

2. all information that any government witness and/or informant was under the influence alcohol, narcotics, or any other drug at the time of the events about which the witness will testify and/or the informant informed, or that the witness'/informant's faculties were impaired in any way.

**P.      Bias or Motive to Lie**

I request that the government disclose to me any evidence or information in its possession that indicates a government witness is biased or prejudiced against Mr. Sandlin or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987).

**Q.      Names of Witnesses Favorable to the Defendant**

I request that I be given the name of and contact information for any individual who has made a statement that could be construed as being favorable to Mr. Sandlin.  This request includes, but is not limited to, 1) evidence that a complainant, percipient witness, hearsay witness, participant in the alleged crime, or informant either indicated that Mr. Sandlin was not involved in the offenses he is charged with in this case or failed to indicate that he was involved in those offenses and 2) evidence that a complainant, percipient witness, hearsay witness, participant in the alleged crime, or informant gave an account of the events surrounding the offenses Mr. Sandlin is charged with that is inconsistent with an account given by any other complainant, percipient witness, hearsay witness, participant in the alleged crime, or informant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223.   I specifically request that I be informed if a complainant, percipient witness, hearsay witness, participant in the alleged crime, or informant:

1. identified some person other than the Mr. Sandlin as a perpetrator of the the offenses he is charged with.  See Cannon v. Alabama, 558 F.2d 1211 (5th Cir. 1977), cert. denied 434 U.S. 1087 (1978); Grant v. Aldredge, 498 F.2d 376 (2d Cir. 1974);

    2.       failed to identify Mr. Sandlin as a perpetrator of the offenses he is charged with when asked to do so in any identification procedure.  See United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964).

    3.       gave any description(s) of a perpetrator of the offenses Mr. Sandlin is charged with that in some material respect (e.g. height, weight, clothing, race, complexion, gender, age) differs from that of Mr. Sandlin.  See Jackson, 390 F.2d 288.

    4.       gave an inconsistent or non-corroborative statement or a statement that will not reflect the witness' trial testimony.  See United States v. Enright, 579 F.2d 980, 989 (6th Cir. 1978).

**R.**    **Statements Relevant to the Defense**

I request that the government disclose to me any statements by witnesses, including both eye-witnesses and ear-witnesses, that may be "relevant to any possible defense or contention" that Mr. Sandlin might assert.  U.S. v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

**S.**    **Jencks Material**

I request that the government disclose to me  all material covered under Jencks v. United States, 353 U.S. 657 (1957), 18 U.S.C., Section 3500, and Fed. R. Crim. P. 26.2.  Additionally, I request that, in order to avoid unnecessary recesses and delays at trial, disclosure of Jencks material occur pretrial.

**T.**    **Giglio Material**

I request that the government disclose to me all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony and any other information that could be arguably used for the impeachment of any government witness.  Specifically, I request the following:

    1.       all information in the possession of the government indicating that (a) any government witness has had a pending juvenile or criminal case on or since the date of the offense in this case; (b) any government witness has had an arrest, guilty plea, trial, or sentencing on or since the date of the offense in this case; (c) any government witness has been on juvenile or criminal parole or probation on or since the date of the offense in this case; and (d) any government witness now has or has had any other liberty interest which the witness could believe or could have believed might be favorably affected by government action.  With respect to this information, we request docket numbers, dates, and jurisdictions for all such cases.  See Davis v. Alaska, 415 U.S. 508 (1974).

2.         all information that any government witness has been or is a police informant either at the time of the offense and/or through the day of trial. See <u>United States v. Bagley</u>, 105 S. Ct. 3375 (1985). If any witness is, or has been, an informant, then I request disclosure of:

    (a)     the length and extent of the witness' informant status;

    (b)     the amounts normally paid to the informant;

    (c)     non-monetary assistance also provided to the informant, including, but not limited to assistance in avoiding or minimizing harm from charges pending against the informant;

    (d)     all benefits or promises of benefit or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefits" refers to any monetary compensation, assistance of the prosecutor or the Court concerning pending charges against the informant, or any other sort of consideration or value;

    (e)     the nature of assistance provided in the past or on other pending matters or incidents, including the number of occasions and form of help.

3.         all deals, benefits, or promises of benefit, threats, or statements that benefit would not be provided without cooperation that were made to any government witness in connection with this case. See <u>Giglio v. United States</u>, 405 U.S. 150 (1972); "Benefits" is defined in paragraph (d) in subsection 2 above.

**U.**     **<u>Government Examination of Law Enforcement Personnel Files</u>**

I request that the government examine the personnel files and any other files that are within its custody, care, or control or that it could obtain for all testifying witnesses, including testifying officers and agents who may have been contacting or controlling confidential informants in this case. I request that the government attorney review these files for evidence of perjurious conduct or other like dishonesty, any material relevant to impeachment, or any information that is exculpatory. See <u>U.S. v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>U.S. v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992).

**III. CONCLUSION**

I am requesting all information and evidence for this case discoverable under Fed. R. Crim. P. 12, 16, and 26.2; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); and all other applicable rules and statutes. I mean "information and evidence" to refer to all documentary, tangible, or oral

material, including, but not limited to, statements by witnesses, whether recorded or otherwise memorialized or not, grand jury testimony, reports of investigations or personal notes of investigators, and video recordings. Such information and evidence is "known" to the government if it is known by any prosecutor or government agent or if it could be acquired by a prosecutor or government agent through the exercise of due diligence. The duty to disclose is, of course, a continuing one, lasting until final disposition of the case.

In the event that you are unable or unwilling to provide the requested material or if you disagree with any of my foregoing representations, please advise me promptly so that I can file any necessary motions.

Thank you for your assistance in this matter.

Sincerely,

_____/s/_____
Jerry Ray Smith, Jr.
Counsel for Ronald Sandlin