# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 21-3027**                                              **September Term, 2020**

1:21-cr-00088-DLF-1

**Filed On: July 9, 2021**

United States of America,

      Appellee

      v.

Ronald L. Sandlin,

      Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**  Rogers, Millett, and Katsas, Circuit Judges

#### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on April 13, 2021 be affirmed. Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community and the appearance of appellant. See 18 U.S.C. § 3142(e)(1); United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021); United States v. Vasquez-Benitez, 919 F.3d 546, 551 (D.C. Cir. 2019).

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Munchel, 991 F.3d at 1284. Based on the government's proffered evidence, including video recordings, the district court here found that appellant coordinated with others and prepared for violence in the days and weeks leading up to January 6, 2021, that appellant expressed a willingness to use force to occupy the Capitol on the day of January 6, and that appellant actually committed violent acts once inside the Capitol that day. Specifically, the district court found that appellant joined a group of protestors that overpowered several police officers who were defending the Capitol, allowing other

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 21-3027**                                               **September Term, 2020**

individuals to enter the building through an exterior door; that appellant, during this altercation, pulled on an officer's helmet in an apparent attempt to remove it; and that appellant, in a separate incident, struck another officer who was attempting to secure doors to the Senate chamber.  The district court further found that, in the weeks after January 6, appellant "crisscross[ed] the country" to evade law enforcement, used encrypted communications, and deleted incriminating social media posts.  Appellant has not shown that these findings were clearly erroneous, nor has he shown that the district court failed to hold the government to its burden of proof.  See id. at 1280; Vasquez-Benitez, 919 F.3d at 551.  Finally, because appellant did not preserve his challenge to the district court's consideration of his tax debt as part of its detention analysis under 18 U.S.C. § 3142(g), review is for plain error, which appellant has not shown.  See United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Brown, 892 F.3d 385, 393 (D.C. Cir. 2018).

  Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Red. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

              **FOR THE COURT:**
              Mark J. Langer, Clerk

     BY:  /s/
         Scott H. Atchue
         Deputy Clerk