UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cr-88 (DLF) |
| RONALD SANDLIN and | ) | |
| NATHANIEL DEGRAVE, | ) | *Ex Parte* **(as to Defendant Sandlin)** |
| | ) | **and Under Seal** |
| Defendants. | ) | |

**GOVERNMENT'S MOTION TO SEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to issue an Order directing that the attached Joint Motion for Release Pending Sentencing be placed under seal until further order of the Court. Defendant DeGrave does not oppose this motion.

In support of its motion, the government submits that the joint motion is highly sensitive due to its discussion of defendant DeGrave's past, ongoing, and anticipated cooperation with the government in the Capitol riot investigation, as well as his entry of a written plea agreement. Including the motion on the public docket prior to the defendant's plea hearing and resolution of his bond status on June 27, 2022, could endanger the security of defendant DeGrave, who is presently detained at the D.C. jail with numerous other January 6 defendants, including his co-defendant Ronald Sandlin. In addition, in light of defendant DeGrave's personal relationship with co-defendant Sandlin as well as Sandlin's record of obstructive conduct, disclosing the joint motion could potentially lead to witness intimidation prior to the June 27 hearing.

The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal filings to address compelling

governmental interests, such as preventing serious jeopardy to an ongoing criminal investigation and protecting witness security.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  The government submits that protecting defendant DeGrave's personal safety and security and preventing witness intimidation pending resolution of the joint motion is a compelling governmental interest that justifies sealing the motion until that time.

For the foregoing reasons, the government respectfully requests that the attached joint motion be placed under seal until further order of the Court.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

By:   */s/ Jessica Arco*
Jessica Arco
D.C. Bar No. 1035204
Trial Attorney – Detailee
U.S. Attorney's Office
601 D Street NW
Washington, DC 20530
Jessica.arco@usdoj.gov