UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-cr-88-DLF |
| RONALD SANDLIN, | : |
| Defendant. | : |

**RESPONSE TO DEFENDANT'S NOTICE REGARDING ABILITY TO PAY FINE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Notice Regarding Ability to Pay Fine. ECF No. 97. The government reiterates its request that Mr. Sandlin be ordered to pay a $20,000 fine. In support thereof, the government states as follows:

1. As the Court noted during the defendant's sentencing hearing on December 9, 2022, the defendant's Guidelines presume that he should pay a fine. *See* Presentence Investigation Report ("PSR") ¶ 124 (noting Guidelines fine range between $25,000 and $250,000).

2. In determining whether to impose a fine, the sentencing court should consider the defendant's income, earning capacity, and financial resources, as well as whether a defendant has sought to "capitalize" on a crime that "intrigue[s]" the "American public." *See* 18 U.S.C. § 3572(a)(1); U.S.S.G. § 5E1.2(d); *United States v. Seale*, 20 F.3d 1279, 1284-86 (3d Cir. 1994).

3. These proceedings have amply shown that the defendant is intelligent, technically advanced, and quite capable of generating significant income. Indeed, his prior

1

marketing business once generated approximately $300,000 in annual profits. PSR ¶ 86. He also has an art collection available for liquidation and earned approximately $15,000 from the sale of his watches. *Id.* ¶ 92.

4. The record also shows that Mr. Sandlin has capitalized on his participation in the riot at the United States Capitol on January 6, 2021, on multiple occasions. He created his GiveSendGo account in September 2021 under the banner, "Mexican J6er Political Prisoner in DC's Gitmo." *See* ECF No. 97; Gov't Sentencing Ex. 24; PSR ¶ 93. In the guise of soliciting funds for "legal fees," Mr. Sandlin raised over $21,000 in donations, which he then used for personal expenses. ECF No. 97; Gov't Sentencing Ex. 24. He presumably achieved such success in his donation campaign by claiming "racist" treatment during his detention proceedings and requesting help to "fight tyranny and a corrupt DOJ." *See* Gov't Sentencing Ex. 24. And as noted previously, he has no legal fees to speak of—given that he has enjoyed the services of a court-appointed attorney since Day One of this case—and thus his donation campaign appears to be based on false pretenses.

5. Incredibly, the defendant appears to have spent over $13,500 from his donated funds during his time in custody. ECF No. 97 ¶¶ 3-4. Even if his use of these funds was legitimate,[1] U.S. taxpayers should not have to foot the bill of his basic incarceration expenses, the costs of his prosecution, *and* his legal defense fees when Mr. Sandlin can in fact afford to reimburse them partially just so that he can create the most comfortable environment for himself (e.g., watching Netflix) while incarcerated. *See id.* ¶ 4.

---

[1] The government questions, however, the legitimacy of his providing funds to fellow inmates.

6. Although the Probation Office ultimately did not recommend a fine in this case, it did conclude based on his reported assets and donations that he has the *ability* to pay a fine. PSR ¶ 95. Here, a $20,000 fine is more than appropriate to achieve the ends of sentencing and effectively negate the defendant's attempts to profit from his serious crimes.

                                Respectfully submitted,

                                MATTHEW M. GRAVES
                                UNITED STATES ATTORNEY
                                D.C. Bar Number 481052

By:   */s/ Jessica Arco*
        JESSICA ARCO
        Trial Attorney-Detailee
        D.C. Bar No. 1035204
        601 D St., NW
        Washington, D.C. 20530
        jessica.arco@usdoj.gov
        Telephone: 202-514-3204