UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 21-cr-88 (DLF) |
| RONALD SANDLIN, | |
| Defendant. | |

### GOVERNMENT'S RESPONSE TO COURT'S JUNE 28, 2024 ORDER AND UNOPPOSED MOTION FOR A CONTINUANCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's June 28, 2024, Minute Order issued subsequent to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). The Court ordered that the parties shall: (1) propose a schedule for further proceedings; and (2) contact the Courtroom Deputy to schedule a date for resentencing. Minute Order, June 28, 2024.

The government is actively assessing the impact of *Fischer* on January 6 cases in a variety of procedural postures. In this case specifically, there are procedural complexities involved with collateral attack waivers. To that end, the government seeks a 30-day continuance to assess the impact of appellate and post-conviction waivers on convictions entered pursuant to a plea, as in this case. The government will also analyze whether it would still be able to meet its burden under the narrower interpretation of 18 U.S.C. § 1512(c)(2) articulated in *Fischer*, and whether *Fischer* alters the government's position on the defendant's sentence.

The government has conferred with counsel for the defendant, who has indicated that he does not oppose this request.

## PROCEDURAL HISTORY

On September 15, 2021, a federal grand jury returned a superseding indictment charging Sandlin with Conspiracy to Obstruct an Official Proceeding in violation of 18 U.S.C. § 1512(k), Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2), Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1), Civil Disorder in violation of 18 U.S.C. § 231(a)(3), Entering or Remaining in any Restricted Building or Grounds in violation of 18 U.S.C. §§ 1752(a)(1), and Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2).

On September 30, 2022, Sandlin pleaded guilty to Count One, Conspiracy to Obstruct an Official Proceeding, and Count Four, Assaulting, Resisting, or Impeding Certain Officers—specifically, Officer B.A.  Sentencing was held on December 9, 2022.  The Court sentenced Sandlin to 63 months of incarceration as to both counts, to run concurrently, 36 months of supervised release, $2,000 in restitution, and a $20,000 fine.  Judgment, ECF No. 99.

## FACTUAL BACKGROUND

The defendant, together with his coconspirators, Nathaniel DeGrave and Josiah Colt, substantially planned for and then participated in the January 6, 2021, attack on the United States Capitol—a violent attack that forced an interruption of the certification of the 2020 Electoral College vote count and threatened the peaceful transfer of power after the 2020 presidential election.

Sandlin and his co-conspirators brought a car full of weapons, including knives, bear spray, and Sandlin's M&P pocket pistol, to Washington, D.C. in advance of the rally on January 6 with the expectation that there would be violence—specifically, a "boogaloo" or civil war related to the outcome of the certification of the 2020 presidential election.  Gov't Sentencing Mem., ECF No.

92, at 2.  Prior to storming the Capitol, Sandlin incited others to "take" and "occupy the Capitol," repeating his rallying cry, "freedom is paid for with blood," no less than four times on January 6.  Statement of Offense ("SOO"), ECF No. 85, at 6.  Sandlin recorded himself calling on his viewers to "take" and "occupy the Capitol . . . One o'clock is when it is all going to go down."[1]  *Id.*

After expressing this violent rhetoric, he acted on it.  Sandlin directly assaulted at least two U.S. Capitol Police ("USCP") officers, including by attempting to remove one officer's helmet, and abetted the assaults of four others.  To intimidate USCP officers and convince them to leave their posts, Sandlin ominously warned, prior to assaulting them: "your life is not worth it…you're going to die, get out of the way."  SOO at 8.

Sandlin and his coconspirators knew that the Electoral College certification was taking place in the Senate Chamber.  After enabling the breach of a key entry point to the Capitol, the trio ascended a set of stairs in search of the "Senate…where they're meeting."  Gov't Sentencing Mem. at 15.  The trio eventually made their way to a hallway just outside the Senate Gallery, where only twenty minutes earlier, the U.S. Senators had been convened to count and certify the Electoral College vote.

Sandlin led a violent charge against the USCP officers who were attempting to secure the doors to the Senate Gallery, striking Officer N.T. in the process.  *Id*.  He and his co-conspirators were then able to breach this door and enter the Senate Gallery.  Colt jumped down to the Senate Floor and sat in the seat occupied moments earlier by the Vice President, while Sandlin began to weep and proclaimed, "We took it, we did it."  *Id.* at 16.  Notably, DeGrave shouted from the balcony at Colt and others on the Senate Floor to "take laptops, paperwork, take everything, all

---

[1] These statements appear to refer to the joint session of Congress at the Capitol to certify the electoral college results, which began at approximately 1:00 p.m. ET that day.

that shit." SOO at 10. Even after leaving the Senate Chamber, Sandlin continued his pursuit of members of Congress, asking an unknown individual, "is that where the Senators are at?" *See id.*

After the riot, Sandlin told a friend on Facebook, "I'm a true patriot I'll do my time proudly." Gov't Sentencing Mem. at 24. Months later, after he had been arrested, Sandlin believed that he had "a divine destiny to fulfill and I/we made history that day and the full implications of our actions [have] yet to be realized." *Id*. at 22-23.

### *FISCHER*

In *Fischer*, on June 28, 2024, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. The Court did not reject, however, the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute, which may include circumstances like those at issue, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6

proceeding"); *see also* SOO at 9-10 (detailing Sandlin and his coconspirators' breach and occupation of the Senate Chamber and search for documents and Senators).

The government therefore respectfully requests 30 days in which to submit a joint status report on the parties' positions on further proceedings, given the remand to the Circuit and the ongoing litigation in *Fischer*.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:     */s/ Jessica Arco*
        JESSICA ARCO
        Trial Attorney-Detailee
        D.C. Bar No. 1035204
        601 D St., NW
        Washington, D.C. 20530
        jessica.arco@usdoj.gov
        Telephone: 202-514-3204