UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | )( | |
| | )( | **Criminal No. 21-88 (DLF)** |
| **v.** | )( | **Judge Friedrich** |
| | )( | |
| **RONALD SANDLIN** | )( | |

**MOTION TO WITHDRAW GUILTY PLEA
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Ronald Sandlin, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to 28 U.S.C. § 2255, to permit him to withdraw his guilty plea in this case.  Mr. Sandlin makes this motion because his plea was not voluntary and intelligent and his resulting convictions and sentence were therefore imposed in violation of the due-process protections of the Fifth Amendment.  In regards to this notice, Mr. Sandlin would show:

1.       In the initial indictment in this case, Mr. Sandlin was charged with eleven counts for conduct that he is alleged to have engaged in in relation to the congressional hearing to certify the Electoral College votes that occurred at the United States Capitol on January 6, 2021.  Indictment (ECF # 6).  In Count Five of the Indictment, Mr. Sandlin was charged with Obstruction of an Official Proceeding under 18 U.S.C § 1512(c)(2) for allegedly "entering and remaining in the United States Capitol without authority and committing an act of civil disorder [] and engaging in disorderly and disruptive conduct." Indictment at 3.

2.       On September 13, 2021, Mr. Sandlin filed a Motion to Dismiss Count Five of the Indictment for Failure to State an Offense and Points and Authority in Support thereof (Motion to Dismiss) (ECF #45).  In the motion, Mr. Sandlin argued that 18 U.S.C §

1512(c)(2) does not properly apply to the disorderly and disruptive conduct he was charged with in Count Five of the Indictment.  This is so because § 1512(c)(2) must be understand in relation to its companion provision, 18 U.S.C. § 1512(c)(1), in such a way that it can only apply to obstructive conduct affecting official proceedings that closely resembles the obstructive conduct affecting official proceedings specifically listed in § 1512(c)(1)—that is, obstructive conduct affecting official proceedings that involves evidence impairment.  In his motion, Mr. Sandlin argued that, because the conduct that he was charged with in Count Five did not closely resemble the conduct involving evidence impairment listed in § 1512(c)(1), that conduct was not proscribed by § 1512(c)(2).  Motion to Dismiss at 2-17.

       3.      On September 15, 2021, Mr. Sandlin and another individual were charged in this case in a twelve-count Superseding Indictment (ECF #46) in connection with the January 6 hearing to certify the Electoral College votes.  In Count One of this indictment, Mr. Sandlin and his codefendant were charged with Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k).  Superseding Indictment at 1-9.  This count was by far the most serious count in the indictment.  See Superseding Indictment at 1-15.  18 U.S.C. § 1512(k) makes it illegal to conspire to commit any offense spelled out in § 1512 generally.  In charging Mr. Sandlin with conspiracy under § 1512(k), the Superseding Indictment expressly stated that he conspired with others to "corruptly obstruct, influence, and impede an official proceeding."  Id. at 9.  The quoted language tracks exactly the language of § 1512(c)(2).  Thus, the conspiracy count is properly understood as charging Mr. Sandlin with a conspiracy to violate § 1512(c)(2).  The Superseding Indictment described in some detail the conduct that Mr. Sandlin, his codefendant, and an unindicted co-conspirator were alleged to have engaged in in connection to the January 6 hearing to certify the Electoral College votes.  Id. at 1-8.  Fairly read, the Superseding Indictment charged Mr. Sandlin with an offense under § 1512(k) for conspiring with others to violate § 1512(c)(2) by being generally disorderly and disruptive in regards to the January 6 hearing.  See id. at 1-9.

4.      On December 10, 2021, in connection with Mr. Sandlin's Motion to

Dismiss, the Court issued an opinion in which it rejected Mr. Sandlin's argument

that 18 U.S.C. § 1512(c)(2) must be understand in such a way that it only applies to

conduct affecting official proceedings that closely resembles the evidence-impairment

conduct affecting official proceedings that is proscribed in § 1512(c)(1).  In doing this, the

Court ruled that § 1512(c)(2) applies to all other obstructive conduct affecting official

proceedings that is not already covered by § 1512(c)(1).  Under this broader view of §

1512(c)(2), the conspiracy that Mr. Sandlin was charged with in Count One of the

Superseding Indictment could be covered by § 1512(k) because it could be a conspiracy to

commit an offense under § 1512(c)(2).  However, under the narrower view of § 1512(c)(2)

that Mr. Sandlin had endorsed, the conspiracy charged in Count One could not be a

conspiracy to violate § 1512(c)(2).

5.      On September 30, 2022, pursuant to an agreement that he had reached with

the government, Mr. Sandlin pled guilty in this case to the count in the Superseding

Indictment charging him with Conspiracy to Obstruct an Official Proceeding under 18

U.S.C. § 1512(k) (Count One).  As part of the agreement, he also pled guilty to a less

serious count in the indictment: Assaulting, Resisting, or Impeding Certain Officers under

18 U.S.C. § 111(a) (Count Four).  See Plea Agreement (ECF #84) at 1.  Mr. Sandlin is

currently incarcerated, serving the sentence that resulted from his guilty plea in this case.

6.      In June 2024, the United States Supreme Court came down with Fischer v

United States, 144 S.Ct. 2176 (2024).  In Fischer, the government had argued that §

1512(c)(2) applies to all obstructive conduct related to official proceedings that is not

already covered by the specific evidence-impairment proscriptions against such conduct

listed in § 1512(c)(1).  Fischer, 144 S.Ct. at 2182-83.  In doing this, the government took

the same view of § 1512(c)(2) that the Court had taken in regards to Mr. Sandlin's Motion

to Dismiss.  The Supreme Court, however, rejected this view, holding that § 1512(c)(2)

must be viewed as being restricted by § 1512(c)(1) in such a way that it applies only when

"the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or… other things used in the proceeding, or attempted to do so." Id. at 2190.  Earlier in the opinion, the Court had specified that "other things used in the proceeding" would apply to things like "false evidence," "witness testimony," and "intangible information." Id. at 2186 (citing cases).  The Supreme Court's view of § 1512(c)(2) is thus consistent with the view of the provision that Mr. Sandlin had endorsed in his Motion to Dismiss.  Given the Supreme Court's holding in Fischer, it must be acknowledged that, in pleading guilty to the count of Superseding Indictment charging him with Conspiracy to Obstruct an Official Proceeding under 18 U.S.C § 1512(k), Mr. Sandlin was doing so for engaging in conduct that did not constitute a valid conspiracy under § 1512(k).  This is because that conduct did not constitute a conspiracy to violate § 1512(c)(2) as that provision is properly understood.

7.	A plea is only constitutionally valid to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970).  Moreover, a plea will not be voluntary and intelligent "unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Bousley v. United States, 523 U.S 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  Here, at the time he pled guilty in this case, Mr. Sandlin had been informed that the conduct for which he was charged under § 1512(k) would, if proven, properly constitute a conspiracy to violate § 1512(c)(2) when in fact it could not constitute such a conspiracy.  Accordingly, at the time he pled guilty, Mr. Sandlin did not have real notice of the true nature of the § 1512(k) offense he pled guilty to, and his plea was therefore not voluntary and intelligent.  Because of this, his convictions in the case and his resulting sentence were obtained in violation of due process.

8.	Where a defendant is in custody under a sentence of a United States District Court and claims that his sentence was imposed in violation of the Constitution, he may

4

move the court which imposed the sentence "to vacate set aside or correct the sentence."

28 U.S.C § 2255(a).  Given this, Mr. Sandlin now moves the Court to allow him to

withdraw his guilty plea in this case on the grounds that his plea was not voluntary and

intelligent due to fact that, at the time he pled guilty, he had been wrongly informed that

the conduct that he was charged with under 18 U.S.C. § 1512(k) could constitute a

conspiracy to violate 18 U.S.C. § 1512(c)(2).

       9.     A one-year statute of limitations applies to a motion brought under 28

U.S.C. § 2255.  28 U.S.C. § 2255(f).  However, that one-year statute of limitations can be

figured from the date on which the right asserted in the motion was first recognized by the

Supreme Court of the United States.  28  U.S.C. § 2255(f)(3).  Here, Mr. Sandlin pled

guilty to a conspiracy to violate 18 U.S.C. § 1512(c)(2) that was charged under 18 U.S.C. §

1512(k).  In moving to withdraw his guilty plea,  Mr. Sandlin is asserting the right he had

when he pled guilty to be informed that § 1512(c)(2) only applies to conduct affecting

official proceedings that closely resembles the specific evidence-impairment proscriptions

of conduct affecting official proceedings spelled out in § 1512(c)(1)—that is, the right to

be informed that § 1512(c)(2) only applies where one has "impaired the availability or

integrity for use in an official proceeding of records, documents, objects, or… other things

used in the proceeding, or attempted to do so."  This right was only established by the

Supreme Court in Fischer in June of this year.  Accordingly, Mr. Sandlin's instant motion

to withdraw his guilty plea falls withing § 2255's limitations period.

       10.    Where a defendant makes a claim under 18 U.S.C. § 2255 without having

raised it on direct appeal, he will be deemed to have procedurally defaulted it.  See

Bousley, 523 U.S. at 621-22.  However, his procedural default can be excused if he can

show that he is "actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  In the

context of moving to withdraw a guilty plea under § 2255, in order to make out actual

innocence so as to excuse his procedural default of the claim at issue in the motion, the

defendant must show that he is actually innocent of the charge he pled guilty to as well as

any other charges that the government declined to pursue in making the plea bargain the defendant accepted that are more serious or, perhaps, at least as equally serious. Bousley, 477 U.S. at 62; United States v. Caso, 723 F.3d 215, 221-22 (D.C. Cir. 2013). Here, the conduct for which Mr. Sandlin was charged with Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k) in Count One of the Superseding Indictment is not conduct that could constitute a conspiracy to violate 18 U.S.C. § 1512(c)(2). Put differently, even if the allegations made in the Superseding Indictment are assumed to be true, Mr. Sandlin would still not be guilty of violating 18 U.S.C. § 1512(k) as charged. Moreover, as already stated, the count charging Mr. Sandlin with Conspiracy to Obstruct an Official Proceeding under 18 U.S.C. § 1512(k) was by far the most serious count against him in the Superseding Indictment. Thus, even though the government agreed to dismiss counts as part of its plea agreement with the Mr. Sandlin, none of these counts were as serious as the conspiracy count. Given all this, it is submitted that Mr. Sandlin has made out his actual innocence so as to warrant excusing his procedural default of the claim at issue in this motion.

WHEREFORE, the defendant, Ronald Sandlin, moves this Honorable Court, pursuant to 28 U.S.C. § 2255, to permit him to withdraw his guilty plea in this case

Respectfully submitted,

_____/s/_____

Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Ronald Sandlin
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 641-4211